IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
3357 BATTLEGROUND AVE, LLC,     )
a Nevada limited liability     )
company,                        )
                                )
          Plaintiff,            )
                                )
     v.                         )     1:17CV14
                                )
KROGER LIMITED PARTNERSHIP 1,   )
an Ohio limited partnership,    )
                                )
          Defendant.            )
```

## **MEMORANDUM OPINION AND ORDER**

**OSTEEN, JR., District Judge**

    Presently before the court is a Motion for Judgment on the Pleadings filed by Plaintiff and Counterclaim Defendant 3357 Battleground Ave, LLC ("Battleground"). (Docs. 17, 18.) Defendant and Counterclaim Plaintiff Kroger Limited Partnership 1 ("Kroger") has responded, (Doc. 19), and Battleground replied, (Doc. 22). Also before the court is Kroger's Individual Rule 26(f) Report. (Doc. 25.) These matters are ripe for resolution, and, for the reasons stated below, this court will deny Battleground's motion for judgment on the pleadings (Doc. 17) and will deny Kroger's individual 26(f) report (Doc. 25) as moot.

I.  **BACKGROUND**

The following facts are presented in the light most favorable to Kroger: this action concerns a commercial lease of a grocery store ("Leased Property") located at 3357 Battleground Avenue, Greensboro, North Carolina 27410. (Complaint ("Compl.") (Doc. 1) ¶ 1; Defendant's Answer & Counterclaim ("Def.'s Answer & Countercl.") (Doc. 9) at 7.)[1] Battleground is the successor landlord and lessor, and Kroger is the successor tenant and lessee under the lease dated September 1, 1985, as amended. (Compl. (Doc. 1) ¶ 1; Compl., Ex. 1 (Doc. 1-2); Def.'s Answer & Countercl. (Doc. 9) at 1.)

Article XXXV ("Section 35") of the lease specifies how the lessee may exercise its option to purchase the Leased Property for fair market value. (Compl., Ex. 1 (Doc. 1-2) at 48.) Article XXXVI ("Section 36") provides the process for determining fair market value. (Id. at 48-49.)[2] The lessee is to include in its option notice the name of its appraiser, and the lessor is then to appoint its own appraiser. (Id. at 48.) Each appraiser is to

---

[1] All citations in this Memorandum Opinion and Order to documents filed with the court refer to the page numbers located at the bottom right-hand corner of the documents as they appear on CM/ECF.

[2] Section 36 provides timeframes throughout the appraisal process that are not relevant for the purposes of this motion.

determine the property's fair market value as of the date of purchase. (Id.) If only one appraiser is timely appointed, or if two are appointed but only one makes a timely determination of value, then the one appraiser's determination "shall be final and binding upon the parties." (Id. at 48-49.) If two appraisers make timely determinations, and those valuations differ by more than 10% of the lesser valuation, then the two appraisers are to appoint a third appraiser or the parties may ask the American Arbitration Association to have a third appointed. (Id. at 49.) If a third is not timely appointed, either party may move for a court to appoint a third appraiser. (Id.) Section 36 also specifies the qualifications of the appraisers:

> Each appraiser appointed hereunder shall have five (5) or more years of professional appraisal experience in the geographic area in which the Leased Property is located and shall be a qualified member of the American Institute of Real Estate Appraisers, or any successor of such Institute . . . .

(Id.)

In a letter dated October 28, 2016, Kroger notified Battleground that it was exercising its option to purchase the Leased Property. (Compl., Ex. 2 (Doc. 1-3); Def.'s Answer & Countercl. (Doc. 9) at 3.) Kroger selected Gerald Sanders as its appraiser. (Id.) Battleground then appointed Damon C. Bidencope as its appraiser. (Compl. (Doc. 1) ¶ 14; Def.'s Answer &

Countercl. (Doc. 9) at 3.) Bidencope, assisted by Erich Straughn, and Sanders, assisted by Andrew Tack, prepared appraisal reports of the Leased Property. (See Compl., Ex. 3 (Doc. 1-4) at 3-4, 7-8; Def.'s Answer & Countercl. (Doc. 9) at 3, 13; Def.'s Answer & Countercl., Ex. A (Doc. 9-1) at 2-3, 92.)

On January 5, 2017, Battleground filed a complaint seeking a declaratory judgment that Sanders and Tack were not qualified under Section 36's requirements and that Tack was not timely appointed by Kroger. (Compl. (Doc. 1) at 5-8.) As a result, Battleground asserts that Kroger's appraisal may not be considered. (Id. at 7-8.)[3] Kroger answered and counterclaimed. (Def.'s Answer & Countercl. (Doc. 9).)[4]

Battleground moved for judgment on the pleadings on its claim and against Kroger's counterclaims, asking this court to find as a matter of law that its interpretation of the lease is correct. (See Plaintiff's Brief in Support of Motion for

---

[3] Battleground sent Kroger a letter dated January 5, 2017, including substantially the same information and stating that Kroger was obligated to purchase the Leased Property for the amount established by Bidencope's appraisal. (See Compl., Ex. 6 (Doc. 1-8).)

[4] Harris Teeter, LLC, originally joined this suit as a counterclaim Plaintiff for the first counterclaim. (Def.'s Answer & Countercl. (Doc. 9) at 19-21.) Counterclaim Plaintiffs filed a voluntary dismissal of this claim. (Doc. 13.) As a result, Harris Teeter is no longer a party to this suit.

Judgment on the Pleadings ("Pl.'s Br.") (Doc. 18) at 2, 8-14.) Kroger responds that Sanders is qualified under the lease and that because Battleground does not dispute any facts about Sanders's qualifications, this court should sua sponte enter judgment for Kroger. (Defendant's Brief in Opposition to Motion for Judgment on the Pleadings ("Def.'s Br.") (Doc. 19) at 1-3.) After the Motion for Judgment on the Pleadings was briefed by both parties, they filed a Joint Motion to Appoint Tom Taylor as Third-Party Appraiser, (Doc. 27), which this court granted on September 5, 2017, (Order (Doc. 28)).

II.  **LEGAL STANDARD**

A party may move for judgment on the pleadings "[a]fter the pleadings are closed — but early enough not to delay trial." Fed. R. Civ. P. 12(c). Such motions are "designed to dispose of cases when the material facts are not in dispute and the court can judge the case on its merits by considering the pleadings." Preston v. Leake, 629 F. Supp. 2d 517, 521 (E.D.N.C. 2009). The pleadings, matters of public record, exhibits to the pleadings, "and exhibits to the Rule 12(c) motions that [are] integral to the complaint and authentic" may be considered. Massey v.

Ojaniit, 759 F.3d 343, 347-48 (4th Cir. 2014) (citation omitted).

"[T]he court must accept all of the non-movant's factual averments as true and draw all reasonable inferences in its favor." SmithKline Beecham Corp. v. Abbott Labs., No. 1:15CV360, 2016 WL 922792, at *3 (M.D.N.C. Mar. 10, 2016) (citations omitted). Judgment on the pleadings is generally only warranted where "the movant clearly establishes that no material fact is disputed and that movant is entitled to judgment as a matter of law." Preston, 629 F. Supp. at 521 (citation omitted).

### III. **ANALYSIS**

The lease "shall be governed by and construed in accordance with the laws of the State of North Carolina." (Compl., Ex. 1 (Doc. 1-2) at 50.) Under North Carolina law, courts must construe the lease "as a whole," and only "[a] contract that is plain and unambiguous on its face will be interpreted by the court as a matter of law." See Schenkel & Shultz, Inc. v. Hermon F. Fox & Assocs., P.C., 362 N.C. 269, 273, 658 S.E.2d 918, 921 (2008) (citations omitted). "When an agreement is ambiguous," however, interpretation of the contract is to be found by the jury or trier of fact. See id. (citation omitted). "An ambiguity exists in a contract when either the meaning of words or the

effect of provisions is uncertain or capable of several reasonable interpretations." Register v. White, 358 N.C. 691, 695, 599 S.E.2d 549, 553 (2004) (citations omitted). While not dispositive, "[t]he fact that a dispute has arisen as to the parties' interpretation of the contract is some indication that the language of the contract is, at best, ambiguous[.]" Brown v. Lumbermens Mut. Cas. Co., 326 N.C. 387, 392, 390 S.E.2d 150, 153 (1990) (citations omitted).

The lease states that each appointed appraiser "shall have five (5) or more years of professional appraisal experience in the geographic area in which the Leased Property is located." (Compl., Ex. 1 (Doc. 1-2) at 49.) The parties dispute the meaning of the phrases "professional appraisal experience" and "the geographic area in which the Leased Property is located." (See Compl. (Doc. 1) ¶¶ 16, 22; Def.'s Answer & Countercl. (Doc. 9) at 4, 14-15; Pl.'s Br. (Doc. 18) at 9-14; Def.'s Br. (Doc. 19) at 2-3, 5-12.) Having considered the parties' arguments and the lease as a whole, this court finds that the phrases are ambiguous and thus judgment on the pleadings is not appropriate. Neither phrase is defined in the lease. "[G]eographic area in which the Leased Property is located" does not plainly mean either "North Carolina," as urged by Battleground, or

"Southeast," as urged by Kroger. (See Compl. (Doc. 1) ¶¶ 18-22; Def.'s Answer & Countercl. (Doc. 9) at 14-15, 21.)

Moreover, even if this court did agree with Battleground's assertion that "geographic area in which the Leased Property is located" unambiguously means "North Carolina" and discounted Sanders' experience outside of North Carolina, Kroger contends that Sanders' experience in North Carolina would still qualify him under the lease. (Def.'s Answer & Countercl. (Doc. 9) at 14-15, 21.) At a minimum, Sanders conducted appraisal reviews in North Carolina in 2005 and 2006 and conducted appraisals in North Carolina on several occasions from 2013 to 2016. (Compl., Ex. 5 (Doc. 1-7); Def.'s Answer & Countercl. (Doc. 9) at 14.) Among other disagreements, the parties dispute whether "professional appraisal experience" includes "appraisal reviews," and both cite to current trade standards for support. (Def.'s Answer & Countercl. (Doc. 9) at 14; Pl.'s Br. (Doc. 18) at 13-14.) As Battleground admits, however, (see Plaintiff's Reply Brief in Support of Motion for Judgment on the Pleadings (Doc. 22) at 8), the lease must be interpreted in light of what the parties intended at the time of the execution of the agreement. See Wise v. Harrington Grove Cmty. Ass'n, Inc., 357 N.C. 396, 406-07, 584 S.E.2d 731, 739 (2003). This court does

not have a sufficient basis at this stage to determine what the parties intended by the disputed phrase when the agreement was made.

Because the lease is ambiguous in at least these two respects, this court cannot interpret the lease as a matter of law. Schenkel, 362 N.C. at 273, 658 S.E.2d at 921. As a result, Battleground's motion will be denied as to Battleground's claim and Kroger's second and fourth counterclaims. Kroger's first counterclaim has been voluntarily dismissed. (Doc. 13.) Kroger's third counterclaim was mooted by appointment of the third-party appraiser. (Docs. 27, 28.) Therefore, Battleground's motion will be denied in its entirety. This court also declines Kroger's suggestion to grant judgment on the pleadings to Kroger sua sponte.

## IV. CONCLUSION

For the reasons set forth herein, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Judgment on the Pleadings (Doc. 17) is **DENIED. IT IS FURTHER ORDERED** that Kroger's Individual Rule 26(f) Report (Doc. 25) is **DENIED AS MOOT**. The Clerk is hereby **DIRECTED** to set this matter for an Initial Pretrial Conference as required by Fed. R. Civ. P. 26(f) and Local Rule 16.1.

This the 20th day of March, 2018.

```
                           _____
                              United States District Judge
```